No. 3933

Second Circuit

———

GARSON v. COLQUITT

———

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

———

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Plaintiff, John Garson, liquidator of the firm of Garson Bros., building contractors, brought this action to recover judgment against defendant, W. T. Colquitt, for the sum of $638.37, with legal interest thereon from August 10, 1928, until paid, being the balance alleged to be due Garson Bros., under a contract for remodeling

a two-story, brick building owned by defendant, together with the cost of filing a lien against the property, amounting to $2.50, and for recognition of the lien and privilege on the property for the amount claimed.

Plaintiff alleged that the work was done under a cost plus contract; that is, the contractor to furnish all labor and material and to receive 15 per cent on the amount expended for services; that the amount expended was $1,639.90, which, together with 15 per cent thereon, amounted to $1,883.89, of which amount $1,250 had been paid, leaving a balance due of $635.87, which together with the cost of filing the lien, amounted to the sum first hereinabove stated.

Defendant denied that the work was done under a cost plus contract as alleged by plaintiff, and alleged that Garson Bros. had undertaken the work under an agreement or guarantee that the cost would not exceed $1,200. Defendant further alleged that plaintiff had illegally filed a lien against his property; that plaintiff did not supervise the work, and that the laborers had loitered on the work, all resulting in damaging defendant; that plaintiff had charged for material which was not used; and that inferior material was used, and the workmanship was bad, for which a reduction should be made. Defendant prayed that plaintiff's demands be rejected and for judgment against plaintiff in reconvention for an aggregate amount of $858.

On trial judgment was rendered in favor of plaintiff and against defendant for the amount claimed, and rejecting defendant's reconventional demand from which judgment defendant appeals, urging that the evidence failed to establish plaintiff's demands, and that defendant should have had judgment on his reconventional demand. The cause was tried before the court, and involved solely questions of fact. With regard to the issue relative to whether or not Garson Bros. undertook the work on a cost plus basis, or under an agreement that the cost of the work would not exceed $1,200. The testimony of the witnesses who claim to know anything of the agreement is irreconcilable, and, the credibility of the witnesses being at issue, it might be sufficient to say that we do not find anything in the record which impresses us that the judgment was erroneous. Bagneris v. Smoot, 159 La. 1049, 106 So. 561.

However, the record established that defendant had contemplated remodeling the building for some time, and that Garson Bros. had submitted a bid on the work originally contemplated for more than $1,500, that the plans for remodeling the building were changed, and that the work done by Garson Bros. was under the changed plans, and there is not any suggestion that the work done could have been done for less than the work on which the original bid was based; but, on the other hand, the evidence conclusively established that the work done by Garson Bros. was worth the amount charged, or $1,883.89, and it would be unreasonable that the work would have been undertaken by Garson Bros., as claimed by defendant.

There was some evidence introduced in support of the reconventional demand, but, considering the evidence as a whole, we are of the opinion that the evidence established defendant was without cause to complain of the material, workmanship, or cost of the work.

The judgment is affirmed, at appellant's cost.